UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARGARITA CARREON, | No. 2:20-cv-00722-JAM-KJN |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO TRANSFER VENUE** |
| NEXUS RVS, LLC, a limited liability company; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Margarita Carreon ("Plaintiff") filed suit in the Superior Court of Solano County against Nexus RVS, LLC, ("Defendant") for allegedly selling her a faulty vehicle. Not. of Removal, Exh. A, Compl., ECF No. 1-1. Soon after, Defendant removed the suit to this Court. Not. of Removal, ECF No. 1.

Defendant now moves to transfer this action to the Northern District of Indiana pursuant to the written warranty from Plaintiff's car purchase. Mot., ECF No. 4-1, at 2. Plaintiff Opposes. Opp'n, ECF No. 5. For the reasons set forth below, the Court GRANTS Defendant's motion to transfer.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 2, 2020.

1

1      I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

2           On March 30, 2019, Plaintiff purchased a new Nexus Phantom (the "RV") from Cordelia RV Center in Fairfield, California. Mot. at 2. Defendant, a limited liability company located and incorporated in Elkhart, Indiana, manufactured the RV and distributed it to Cordelia RV Center. Id. at 3.

           Upon purchase of the RV, Defendant provided Plaintiff with a written limited warranty that was effective at the time of sale. Id. When the RV began to exhibit problems, Plaintiff took it for warranty repairs in California. Opp'n at 1. As the problems continued, Plaintiff decided to sue Defendant in California State Court for: (1) breach of implied warranty, (2) breach of express warranty, and (3) violation of the Uniform Commercial Code ("UCC"). Compl. ¶¶ 9-28.

           After removing the case to this Court, Defendant now seeks to transfer this case pursuant the "Jurisdiction and Applicable Law" clause in the limited warranty. Mot. at 3. This clause provides in relevant part:

> Exclusive Jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects of representations shall be in the courts in the State of Manufacture and Dealer, Indiana. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture and Dealer, Indiana.

Mot. at 3.

II.   OPINION

A.   Legal Standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district for the convenience of the

2

parties and in the interest of justice.  The district court can transfer the action "to any district where venue is also proper [] or to any other district to which the parties have agreed by contract or stipulation."  Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas, 571 U.S. 49, 59 (2013).  Normally, the district court must also evaluate both the private interests of the parties and public interest considerations.  Id. at 62.

But when the parties have agreed to a valid forum-selection clause, the court should transfer the case to the forum specified in that clause.  Id.  The forum clause should be given "controlling weight" and should only be denied under "extraordinary circumstances."  Id.  The presence of a valid forum-selection clause changes the usual Section 1404(a) analysis in three ways.  First, "the plaintiff's choice of forum merits no weight."  Id. at 63.  Second, the court "should not consider arguments about the parties' private interests."  Id. at 64.  Finally, "when a party bound by forum-selection clause flouts its contractual obligation and files suit in a different forum," the original venue's choice-of-law rules will not transfer to the new venue.  Id.  Plaintiff must therefore either show that the clause is invalid or that "public interest factors" make transfer inappropriate.  Id.

    B.    Analysis

Defendant asks the Court to enforce the forum selection clause by granting the motion to transfer venue to the Northern District of Indiana.  Mot. at 4.  Plaintiff does not dispute the validity of the forum selection clause.  See Opp'n.  Instead,

3

Plaintiff opposes the transfer of venue for the following two reasons: (1) Defendant has failed to show Plaintiff's California statutory rights will be honored in Indiana, and (2) the forum selection clause is unreasonable and unjust because it places an undue burden on third party witnesses. Opp'n at 2-3. The Court disagrees with Plaintiff.

First, Plaintiff mistakenly relies on state law. Plaintiff argues that because her claims arise from California statutes, "Defendant bears the burden of showing that these rights can be enforced in the Northern District of Indiana." Opp'n at 2. Plaintiff relies on a California State Court of Appeals case for this contention. See Verdugo v. Alliantgroup, L.P., 237 Cal. App. 4th 141, 147 (2015). But "[f]ederal law governs the validity of a forum selection clause." TAAG Linhas Aeras de Angola v. Transamerica Airlines, Inc., 915 F.2d 1351, 1353 (9th Cir. 1990); see also O'Keeffe's Inc. v. Access Information Technologies Inc., No. 15-cv-03115-EMC, 2015 WL 6089418, at *4 n. 2 (N.D. Cal. Oct. 16, 2015) (declining to apply Verdugo because it "does not purport to apply [Section 1404(a)]"). And in federal law, "forum selection clauses are prima facie valid and should not be set aside unless the party challenging one can 'clearly show that enforcement would be unreasonable and unjust.'" Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

Plaintiff attempts to argue the forum clause is in fact "unreasonable and unjust" because "the majority of the witnesses and other evidence are located in California." Opp'n at 3. But Plaintiff misapplies the relevant standards for what is

4

1  "unreasonable and unjust."
2     A forum selection clause is unreasonable and unjust in
3  three situations: (1) where the clause was a result of fraud or
4  overreaching, (2) "if enforcement would contravene a strong
5  public policy of the forum in which suit is brought," and (3) if
6  it is so inconvenient that it deprives a party of their day in
7  court.  Bremen, 407 U.S. at 15-19.  The "party challenging the
8  forum selection clause bears a 'heavy burden' of establishing
9  the existence of one of the aforementioned grounds for rejecting
10 enforcement."  Jones, 211 F.3d at 497.  Plaintiff has not met
11 this heavy burden.
12    Plaintiff does not argue the clause was a result of fraud
13 or overreaching, nor does she argue it would contravene strong
14 public policy of the forum in which it is sought.  See Opp'n.
15 And while she does argue transfer would be inconvenient, she
16 does not show it "will be so gravely difficult and inconvenient
17 that [she] will for all practical purposes be deprived of [her]
18 day in court."  Bremen, 407 U.S. at 18.  The inconveniences
19 Plaintiff may suffer were "clearly foreseeably at the time of
20 contracting."  Id.  Because Plaintiff has not shown the forum
21 clause is unreasonable or unjust, the clause should control.
22 Id. at 15.  Accordingly, Defendant's motion for transfer of
23 venue is GRANTED.
24                        III.  ORDER
25    For the reasons set forth above, the Court GRANTS
26 Defendant's Motion to Transfer Venue.
27    As a final matter, Defendant's reply brief is seven pages
28 over the Court's page limit.  See Reply.  On April 8, 2020, the

Court issued its Order re Filing Requirements limiting reply memoranda, for motions other than those under Federal Rule of Civil Procedure 56 and 65, to five pages.  Order RE Filing Req. ("Order"), ECF No. 2-2, at 1.  As stated in the Order, the Court does "not consider any arguments made past the page limit."  Order at 1.  Moreover, page limit violations result in monetary sanctions against counsel in the amount of $50.00 per page.  <u>Id.</u>  Defendant's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $350.00 no later than seven days from the date of this order.

    IT IS SO ORDERED.

Dated: July 17, 2020

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE